DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
NORMAN M. ASPIS (BAR NO. 313466)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        naspis@allenmatkins.com

Attorneys for Plaintiff
GEOFF WINKLER, RECEIVER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFF WINKLER, RECEIVER,<br><br>          Plaintiff,<br><br>     v.<br><br>915 ELM AVENUE CVL, LLC<br><br>          Defendant. | Case No. 2:21-cv-00869-FMO-AFM<br><br>STIPULATED PROTECTIVE ORDER |

## **STIPULATED PROTECTIVE ORDER**

The following Stipulated Protective Order[1] ("Order") is entered into by and between Plaintiff Geoff Winkler ("Plaintiff" or the "Receiver"), the Court-appointed permanent receiver for Essex Capital Corporation and its subsidiaries and affiliates in the matter styled SEC v. Iannelli, et al., USDC, C.D. Cal. Case No. 2:18-cv-05008-FMO-AFM, on the one hand, and Defendant 915 Elm Avenue CVL, LLC ("Defendant" or "CVL") on the other hand, and with respect to the following matters:

---

[1]   This Stipulated Protective Order is based substantially on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

1   I.      A.      <u>**PURPOSES AND LIMITATIONS**</u>

2           Discovery in this Action is likely to involve production of confidential or

3   private financial information for which special protection from public disclosure and

4   from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, the Parties hereby stipulate to and petition the Court to enter the

6   following Order.  The Receiver and CVL acknowledge that this Order does not

7   confer blanket protections on all disclosures or responses to discovery, and that the

8   protection it affords from public disclosure and use extends only to the limited

9   information or items that are entitled to confidential treatment under applicable legal

10  principles.

11          B.      <u>**GOOD CAUSE STATEMENT**</u>

12          This Action is likely to involve private information of a financial and/or

13  accounting nature for which special protection from public disclosure and from use

14  for any purpose other than prosecution of this Action is warranted.  The Parties

15  contend that certain materials produced in the course of discovery may implicate

16  their rights and the rights of non-parties, including the privacy right in the materials

17  and, additionally, such private materials and information may consist of, among

18  other things, confidential business, financial, or accounting information, information

19  regarding confidential business practices, information otherwise generally

20  unavailable to the public, or which may be privileged or otherwise protected from

21  disclosure under state or federal statutes, court rules, case decisions, or common

22  law.  Accordingly, to expedite the flow of information, to facilitate the prompt

23  resolution of disputes over confidentiality of discovery materials, to adequately

24  protect information the Parties are entitled to keep confidential, to ensure that the

25  Parties are permitted reasonable necessary uses of such material in preparation for

26  and in the conduct of trial, to address their handling at the end of the litigation, and

27  serve the ends of justice, a protective order for such information is justified in this

28  matter.  It is the intent of the Parties that information will not be designated as

1    confidential for tactical reasons, and that nothing be so designated without a good

2    faith belief that it has been maintained in a confidential, non-public manner, and

3    there is good cause why it should not be part of the public record of this Action.

4    **C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**

5    **SEAL**

6        The Parties further acknowledge, as set forth in Section 12.3, below, that this

7    Order does not entitle them to file confidential information under seal; Local Civil

8    Rule 79-5 sets forth the procedures that must be followed and the standards that will

9    be applied when a Party seeks permission from the Court to file material under seal.

10       There is a strong presumption that the public has a right of access to judicial

11   proceedings and records in civil cases.  In connection with non-dispositive motions,

12   good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

13   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

14   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

15   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

16   require good cause showing), and a specific showing of good cause or compelling

17   reasons with proper evidentiary support and legal justification, must be made with

18   respect to Protected Material that a party seeks to file under seal.  The Parties' mere

19   designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not –

20   without the submission of competent evidence by declaration, establishing that the

21   material sought to be filed under seal qualifies as confidential, privileged, or

22   otherwise protectable – constitute good cause.

23       Further, if a Party requests sealing related to a dispositive motion or trial, then

24   compelling reasons, not only good cause, for the sealing must be shown, and the

25   relief sought shall be narrowly tailored to serve the specific interest to be protected.

26   *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

27   each item or type of information, document, or thing sought to be filed or introduced

28   under seal in connection with a dispositive motion or trial, the Party seeking

protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.   DEFINITIONS**

Action:  the action styled Winkler v. 915 Elm Avenue CVL, LLC, Case No. 2:21-cv-00869-FMO-AFM, currently pending before this Court;

Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order;

"CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement;

Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff);

Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL";

Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter;

1    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve as

3  an expert witness or as a consultant in this Action;

4    <u>House Counsel</u>:  attorneys who are employees of a Party to this Action.

5  House Counsel does not include Outside Counsel of record or any other outside

6  counsel;

7    <u>Non-Party</u>:  any natural person, partnership, corporation, association or other

8  legal entity not named as a Party to this Action;

9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to

10  this Action but are retained to represent or advise a Party to this Action and have

11  appeared in this Action on behalf of that Party or are affiliated with a law firm that

12  has appeared on behalf of that Party, and includes support staff;

13    <u>Party</u>:  any party to this Action, including the Receiver and CVL, all of their

14  respective officers, directors, employees, consultants, retained experts, and Outside

15  Counsel of Record (and their support staffs);

16    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery

17  Material in this Action;

18    <u>Professional Vendors</u>:  persons or entities that provide litigation support

19  services (e.g., photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, and organizing, storing, or retrieving data in any form or medium)

21  and their employees and subcontractors;

22    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated

23  as "CONFIDENTIAL"; and

24    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from

25  a Producing Party.

26  **3.    <u>SCOPE</u>**

27    The protections conferred by this Order cover not only Protected Material (as

28  defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL", or maintained pursuant to this Order, used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating

2  Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, that Designating Party must

5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6       5.2  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in

7  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

8  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

9  under this Order must be clearly so designated before the material is disclosed or

10  produced.

11       Designation in conformity with this Order requires:

12       (a)    for information in documentary form (e.g., paper or electronic

13  documents, but excluding transcripts of depositions or other pretrial or trial

14  proceedings), that the Producing Party affix at a minimum, the legend

15  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

16  contains protected material.  If only a portion of the material on a page qualifies for

17  protection, the Producing Party also must clearly identify the protected portion(s)

18  (e.g., by making appropriate markings in the margins).

19       A Party or Non-Party that makes original documents available for inspection

20  need not designate them for protection until after the inspecting Party has indicated

21  which documents it would like copied and produced.  During the inspection and

22  before the designation, all of the material made available for inspection shall be

23  deemed "CONFIDENTIAL". After the inspecting Party has identified the

24  documents it wants copied and produced, the Producing Party must determine which

25  documents, or portions thereof, qualify for protection under this Order.  Then,

26  before producing the specified documents, the Producing Party must affix the

27  CONFIDENTIAL legend to each page that contains Protected Material.  If only a

28  portion of the material on a page qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.

6.3    <u>Joint Stipulation.</u>  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

        7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this Action has been terminated, a Receiving Party must comply with the provisions of section 13 below.

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

                (a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

                (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

                (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

                (d)     the Court and its personnel;

1    (e)    Court reporters and their staff;

2    (f)    professional jury or trial consultants, mock jurors, and

3    Professional Vendors to whom disclosure is reasonably necessary for this Action

4    and who have signed the "Acknowledgment and Agreement to Be Bound"

5    (Exhibit A);

6    (g)    the author or recipient of a document containing the information

7    or a custodian or other person who otherwise possessed or knew the information;

8    (h)    during their depositions, witnesses, and attorneys for witnesses,

9    in the Action to whom disclosure is reasonably necessary provided:  (1) the

10    deposing party requests that the witness sign the form attached as Exhibit 1 hereto;

11    and (2) they will not be permitted to keep any confidential information unless they

12    sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

13    otherwise agreed by the Designating Party or ordered by the Court.  Pages of

14    transcribed deposition testimony or exhibits to depositions that reveal Protected

15    Material may be separately bound by the court reporter and may not be disclosed to

16    anyone except as permitted under this Order; and

17    (i)    any mediator or settlement officer, and their supporting

18    personnel, mutually agreed upon by any of the parties engaged in settlement

19    discussions.

20    **8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**

21    **<u>PRODUCED IN OTHER LITIGATION</u>**

22    If a Party is served with a subpoena or a court order issued in other litigation

23    that compels disclosure of any information or items designated in this Action as

24    "CONFIDENTIAL", that Party must:

25    (a)    promptly notify in writing the Designating Party.  Such

26    notification shall include a copy of the subpoena or court order;

27    (b)    promptly notify in writing the party who caused the subpoena or

28    order to issue in the other litigation that some or all of the material covered by the

1  subpoena or order is subject to this Order.  Such notification shall include a copy of

2  this Order; and

3          (c)     cooperate with respect to all reasonable procedures sought to be

4  pursued by the Designating Party whose Protected Material may be affected.

5          If the Designating Party timely seeks a protective order, the Party served with

6  the subpoena or court order shall not produce any information designated in this

7  Action as "CONFIDENTIAL" before a determination by the court from which the

8  subpoena or order issued, unless the Party has obtained the Designating Party's

9  permission.  The Designating Party shall bear the burden and expense of seeking

10 protection in that court of its confidential material and nothing in these provisions

11 should be construed as authorizing or encouraging a Receiving Party in this Action

12 to disobey a lawful directive from another court.

13 **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

14 **         PRODUCED IN THIS LITIGATION**

15         (a)     The terms of this Order are applicable to information produced

16 by a Non-Party in this Action and designated as "CONFIDENTIAL". Such

17 information produced by Non-Parties in connection with this litigation is protected

18 by the remedies and relief provided by this Order.  Nothing in these provisions

19 should be construed as prohibiting a Non-Party from seeking additional protections.

20         (b)     In the event that a Party is required, by a valid discovery request,

21 to produce a Non-Party's confidential information in its possession, and the Party is

22 subject to an agreement with the Non-Party not to produce the Non-Party's

23 confidential information, then the Party shall:

24         (1)     promptly notify in writing the Requesting Party and the

25 Non-Party that some or all of the information requested is subject to a

26 confidentiality agreement with a Non-Party;

27

28

1          (2)    promptly provide the Non-Party with a copy of this Order,

2  the relevant discovery request(s), and a reasonably specific description of the

3  information requested; and

4          (3)    make the information requested available for inspection by

5  the Non-Party, if requested.

6         (c)    If the Non-Party fails to seek a protective order from this court

7  within 14 days of receiving the notice and accompanying information, the Receiving

8  Party may produce the Non-Party's confidential information responsive to the

9  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

10  Party shall not produce any information in its possession or control that is subject to

11  the confidentiality agreement with the Non-Party before a determination by the

12  court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

13  expense of seeking protection in this court of its Protected Material.

14  **10.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Order, the Receiving Party must immediately (a) notify in writing the Designating

18  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

19  unauthorized copies of the Protected Material, (c) inform the person or persons to

20  whom unauthorized disclosures were made of all the terms of this Order, and

21  (d) request such person or persons to execute the "Acknowledgment and Agreement

22  to Be Bound" that is attached hereto as Exhibit A.

23  **11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**</u>

24        <u>**PROTECTED MATERIAL**</u>

25      When a Producing Party gives notice to Receiving Parties that certain

26  inadvertently produced material is subject to a claim of privilege or other protection,

27  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days after a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

1  not the same person or entity, to the Designating Party) by the 60-day deadline that
2  (1) identifies (by category, where appropriate) all the Protected Material that was
3  returned or destroyed and (2) affirms that the Receiving Party has not retained any
4  copies, abstracts, compilations, summaries or any other format reproducing or
5  capturing any of the Protected Material.  Notwithstanding this provision, Counsel
6  are entitled to retain an archival copy of all pleadings, motion papers, trial,
7  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
8  and trial exhibits, expert reports, attorney work product, and consultant and expert
9  work product, even if such materials contain Protected Material.  Any such archival
10 copies that contain or constitute Protected Material remain subject to this Order as
11 set forth in Section 4.

12 **14.    VIOLATION**

13       Any violation of this Order may be punished by appropriate measures
14 including, without limitation, contempt proceedings and/or monetary sanctions.

15

16 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18 Dated:  August 23, 2021                    ALLEN MATKINS LECK GAMBLE
                                              MALLORY & NATSIS LLP
19                                            DAVID R. ZARO
                                              JOSHUA A. DEL CASTILLO
20                                            NORMAN M. ASPIS

21

22                                            By:

23

24                                            _____
                                              JOSHUA A. DEL CASTILLO
25                                            Attorneys for Court-Appointed
                                              Receiver
26                                            GEOFF WINKLER

27

28

1

2 Dated:  August 23, 2021                    CAPELLO & NOEL LLP
                                            DAVID L. COUSINEAU
3

4                                           By:  _____/s/_____ _David L. Cousineau_____
                                                DAVID L. COUSINEAU
5                                               Attorneys for Defendant
                                                915 ELM AVENUE CVL, LLC
6

7

8 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

9 DATED:  8/23/2021

10

11

12

13 _____

14 HON. ALEXANDER F. MacKINNON
   United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the case of Winkler v. 915 Elm Avenue CVL,

LLC, Case No. 2:21-cv-00869-FMO-AFM.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.  I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____